IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| WILLIAM CAMPBELL, TDCJ-CID No. 1373128, § § § | | |
| Plaintiff, § § | | |
| v. § § | CIVIL ACTION NO. V-07-026 | |
| DHO J.C. GONZALES, et al., § § § | | |
| Defendants. § | | |

### MEMORANDUM OPINION AND ORDER

William Campbell, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, has filed a civil rights complaint under 42 U.S.C. § 1983, against TDCJ-CID officials alleging denial of due process rights. Campbell has also submitted a Motion for Summary Judgment and a Motion for a Temporary Restraining Order. The court will deny the motions and dismiss this action as frivolous pursuant to 28 U.S.C. § 1915(e).

### I. Claims and Allegations

Campbell complains that he was the victim of a conspiracy to falsely charge and punish him on or about November 21, 2006. Docket Entry No. 1, at pages 2-5. He further alleges that the defendants falsified records and placed him in solitary confinement before his hearing. *Id*, at 5, 7. He specifically complains that he was denied a copy of his move slip at the time of his hearing. *See Id*. at 11-14. Campbell filed grievances concerning the missing move slip as well as the alleged false disciplinary case against him. *See* Docket Entry No. 5, at 7-8, 9-10. He contends that the responses are evidence that there was a conspiracy to cover the actions taken against him. *Id*. at 5; Docket Entry No. 1, at 5.

Campbell has submitted a disciplinary hearing record which indicates that he was found guilty of fighting with another inmate. Docket Entry No. 1, at 18. He was given the customary punishments consisting of a reduction in classification and forfeiture of good time. The loss of good time did not alter Campbell's release date because he is not eligible for release under mandatory supervision. *See Campbell v. Quarterman*, No. V-07–30 (S.D. Tex.).

Campbell has submitted a Motion for Summary Judgment (Docket Entry No. 2) in conjunction with his complaint in which he contends that he has submitted sufficient supporting documentation to show that he has been denied an impartial review. He further contends that this action is not barred pursuant to *Heck v. Humphrey* because the disciplinary action was subsequently expunged. *See Edwards v. Balisok*, 117 S.Ct. 1584, 1589 (1997); *Heck v. Humphrey*, 114 S.Ct. 2364, 2372 (1994). Campbell seeks declaratory and injunctive relief along with monetary damages. Docket Entry No. 1, at 3.

## II. Analysis

The complaint in this action concerns the prison administration's handling of disciplinary proceedings against inmates who have been charged with breaking the prison's rules. Such allegations by a state prisoner are not actionable as a civil rights claim unless the disciplinary measures taken against the prisoner inflict deprivations that are atypical and significant in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 115 U.S. 2293, 2300 (1995). Given the difficulties in maintaining order in a prison, the courts are hesitant to interfere with the prison administration's handling of its disciplinary affairs. *See Rhodes v. Chapman*, 101 S.Ct. 2392, 2400 n.14 (1981) ("[A] prison's internal security is peculiarly a matter normally left to the discretion of prison administrators."); *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984). In this instance,

Campbell lost good time and was demoted. Campbell's demotion in behavior status is not actionable in a civil rights proceeding because he does not have a constitutional right to a particular classification. *Malchi v. Thaler*, 211 F.3d 953, 959 (5th Cir. 2000). Further, Campbell's loss of good time is of little or no consequence because it does not alter his release date. *Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995) (" . . . it is difficult to see that any other deprivations in the prison context, short of those that clearly impinge on the duration of confinement, will henceforth qualify for constitutional liberty status."). *citing Sandin*. Moreover, a prisoner does not have a constitutional right to be released prior to the expiration of his sentence. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 99 S.Ct. 2100 (1979); *Wottlin v. Fleming*, 136 F.3d 1032, 1037 (5th Cir. 1998). Campbell's brief detention in solitary before his hearing does not implicate due process concerns. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Such placement and its attendant restrictions serves a legitimate purpose in preventing further disruptions of discipline and limiting the risk of harm to both prisoners and officials. *Id.*, *citing Hewitt v. Helms*, 103 S.Ct. 864, 869-71 (1983). Finally, Campbell's declaration in his Motion for Summary Judgment (Docket Entry No. 2, at 8) that the case was expunged undermines his assertion that the prison administration denied him due process and obviates any need to undo the purported wrongful administrative action.

Campbell alleges that he was denied a copy of a move slip and that his grievances were not properly investigated. The loss of the move slip does not support a civil rights claim because there is no showing of any substantial or actionable harm. *See Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005), *citing* 42 U.S.C.A. § 1997e(e). Even if the loss of the move slip may have affected Campbell's disciplinary record or classification there is no actionable claim. *See Sandin*. *See also*

3

*Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (a prisoner does not have a protectable interest in his classification). Campbell's disappointment with the grievance system is not actionable either. *Gieger*, at 373-74; *see also Jones v. North Carolina Prisoners Labor Union*, 97 S.Ct. 2532, 2544 (1977) (Burger, J., concurring) (applauding the adoption of grievance procedures by prisons, but expressly declining to suggest that such procedures are "constitutionally mandated"); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1993) ("A prison grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.").

Contrary to Campbell's assertion in his Motion for Summary Judgment, there is no support for his argument that he has been denied due process or that any constitutional right has been violated. Therefore, his motion will be denied. *See Littlefield v. Forney Independent School Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). There are no alleged facts to support Campbell's claims that the defendants conspired against him and such claims have no legal basis. *Priester v. Lowndes County,* 354 F.3d 414, 423 n.9 (5th Cir. 2004). Campbell is a prisoner and has moved to proceed as a pauper. In such proceedings, the court may dismiss a complaint as frivolous if it has no legal basis. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). This action will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e).

### III. Application to Proceed In Forma Pauperis

Campbell's Application to Proceed In Forma Pauperis will be granted. Campbell is not required to prepay the entire filing fee, but he is obligated pay the filing fee pursuant to the

provisions of 28 U.S.C. § 1915(b). The TDCJ Inmate Trust Fund shall deduct 20 percent of each deposit made to Campbell's account and forward the funds to the Clerk of this court on a regular basis, in compliance with 28 U.S.C. § 1915(b)(2), until the entire filing fee ($ 350.00) has been paid.

### IV. Other Motions

Campbell has filed a Motion for Temporary Restraining Order (Docket Entry No. 13) in which he complains that he is not allowed to have a legal visit with a another prison inmate named Thomas Florence. Attached to the motion are documents indicating that visits were denied because Florence was a member of a disruptive group and had been found guilty of committing disciplinary infractions within the last six months. The prison officials had adequate grounds to refuse to allow Florence to consult with Campbell, and Campbell does not have a right to demand Florence's help. *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996). The motion will be denied because Campbell has failed to show that he is entitled to injunctive relief. *See Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418-420 (5th Cir. 2001).

Campbell's request for a *Spears* hearing (Docket Entry No. 13) and his Motion for Production of Documents (Docket Entry No. 14) will be denied because his claims are frivolous and the defendants, state officials, are entitled to protection from discovery proceedings which serve no purpose other than to harass government workers. *See Vander Zee v. Reno*, 73 F.3d 1365, 1368-69 (5th Cir. 1996); *Jacquez v. Procunier*, 801 F.2d 789, 791 (5th Cir. 1986).

Campbell's Motion to Submit a Memorandum of Law (Docket Entry No. 10) and his Motion to Amend (Docket Entry No. 12) will be granted.

### V. Conclusion

The court **ORDERS** the following:

1. This cause of action, filed by Inmate William Campbell, TDCJ-CID # 1373128, is **DISMISSED** as frivolous. 28 U.S.C. § 1915(e).

2. The Application to Proceed In Forma Pauperis (Docket Entry No. 4) is **GRANTED**.

3. The Texas Department of Criminal Justice - Institutional Division Inmate Trust Fund is **ORDERED** to collect the filing fee and forward it to the court as provided in this Memorandum Opinion and Order.

4. The Motion to Submit a Memorandum of Law and Motion to Amend (Docket Entry Nos. 10 and 12) are **GRANTED**.

5. The Motion for Summary Judgment (Docket Entry No. 2), Motion for Temporary Restraining Order and *Spears* Hearing (Docket Entry No. 13) and Motion for Production of Documents (Docket Entry No. 14) are **DENIED**.

6. The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas 78711, Fax Number (512) 936-2159; the TDCJ-CID Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702.

**SIGNED** on this 25th day of September, 2007.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE